IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02591-PSF-CBS

TYRONE W. ALLEN,
        Plaintiff,
v.

EQUIFAX,
TRANS UNION CORPORATION, and
EXPERIAN,
        Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on: (1) "Defendants' Joint Motion to Dismiss for Failure to Prosecute or to Comply with the Rules or Court Orders and Defendants' Joint Motion for Sanctions" (filed July 2, 2007) (doc. # 31); and (2) "Defendants' Joint Motion for an Extension of Time for Defendants to Complete Discovery" (filed July 24, 2007) (doc. # 36).  Pursuant to the Order of Reference dated January 3, 2007 (doc. # 8) and the memoranda dated July 3, 2007 (doc. # 32) and July 24, 2007 (doc. # 37), these matters were referred to the Magistrate Judge.  The court has reviewed the Motions, the entire case file and the applicable law and is sufficiently advised in the premises.[1]


I.      Statement of the Case

        Proceeding *pro se*, Mr. Allen filed the instant action on December 1, 2006 in state court, alleging violation of the Colorado Consumer Credit Reporting Act, Colo. Rev. Stat. §§ 12-14.3-101 *et seq.*  (*See* Complaint (doc. # 2) at ¶ 5).  Mr. Allen alleges that Defendants,  three national credit reporting bureaus, "neglected to respond to Plaintiff's attempts" and that his "consumer report has many damaging and wrongful information and

---

[1]        Mr. Allen has not responded to either of the Motions.

contains many inaccurate entries." (Complaint at ¶¶ 12, 13).  Defendants removed this action to federal court.  (*See* Notice of Removal (doc. # 1)).  Defendants filed their Answers on December 27, 2007.  (*See* docs. # 3, # 4, and # 5).

By Order dated January 10, 2007, the court set a Scheduling Conference on March 13, 2007.  (*See* doc. # 9).  The court directed the parties to prepare a proposed Scheduling Order on or before March 6, 2007.  (*See* doc. # 9). On March 12, 2007, Defendants filed a Proposed Scheduling Order without Mr. Allen's signature because Defendants were unable to speak with Mr. Allen, in spite of repeated attempts via telephone.  (*See* doc. # 16).

At the Scheduling Conference held on March 13, 2007, the court set certain deadlines and set a telephone status conference on May 30, 2007 at 10:00 a.m.  (*See* Courtroom Minutes (doc. # 18)).  The court directed the parties to produce initial disclosures that day pursuant to Fed. R. Civ. P. 26.  (*See* doc. # 18).  The court set the discovery deadline on August 1, 2007, the deadline for dispositive motions on September 3, 2007, the deadline for designation of affirmative expert witnesses on or before June 11, 2007, the deadline for designation of rebuttal experts on or before July 9, 2007, and the deadline for service of interrogatories, requests for production of documents, and requests for admission no later than 33 days prior to the close of discovery on August 1, 2007.  (*See* doc. # 18).

On March 13, 2007, Defendants Trans Union and Experian submitted their initial disclosures to Mr. Allen.  Mr. Allen represented to the court that he would produce his initial disclosures that same day.  As of this date, Mr. Allen has not served his initial disclosures on Defendants.

Also on March 13, 2007, Defendant Trans Union served Mr. Allen with its First Request for Production and its First Set of Interrogatories.  (*See* Defendants' Exhibit A (doc. # 31-2) (cover letter from Trans Union)).  The responses to Trans Union's discovery

requests were thus due by April 16, 2007. On March 27, 2007, Defendant Experian served Mr. Allen with its First Request for Production and First Set of Interrogatories. (*See* Defendants' Exhibit B (doc. # 31-3) (cover letter from Experian)). The responses were thus due by April 30, 2007. To date, Mr. Allen has not responded to any of Defendants' discovery requests. Both Experian and Trans Union also sought dates for Mr. Allen's deposition. (*See* Defendants' Exhibits A and B (docs. # 31-2 and # 31-3)). To date, Mr. Allen has not agreed to a deposition date.

On April 5, 2007, counsel for Defendant Trans Union sent Mr. Allen a letter via FedEx, first class mail, and certified mail requesting deposition dates and the overdue initial disclosures. (*See* Defendants' Exhibit C (doc. # 31-4)). As of this date, Mr. Allen has not responded. In May 2007, counsel for Defendants Experian and Trans Union left telephone messages for Mr. Allen, inquiring about Mr. Allen's initial disclosures and responses to discovery requests. Mr. Allen did not respond.

Pursuant to the court's stated procedure, counsel for Defendants Experian and Trans Union contacted the court on May 7, 2007 regarding Mr. Allen's failure to provide initial disclosures, failure to respond to discovery requests, and failure to provide deposition dates. Defendants indicated to the court their intent to file a motion to compel. Based on the status of the case, on May 7, 2007 the court converted the May 30, 2007 telephone status conference to an in-person status conference. (*See* doc. # 23).

On May 30, 2007, counsel for Defendants appeared at the scheduled hearing. Mr. Allen did not appear. Later on May 30, 2007, Mr. Allen telephoned the court and reported that he did not attend the status conference due to a family illness. The court reset the telephone status conference to June 5, 2007 at 3:00 p.m.. The court directed Mr. Allen to appear in person and permitted out-of-state counsel to appear by telephone. (*See* doc. # 24). On the morning of June 5, 2007, Mr. Allen notified the court that he could not attend the hearing at 3:00 p.m. The court reset the status conference to June 11, 2007 at 9:15

a.m.  The court directed Mr. Allen to appear in person and permitted out-of-state counsel to appear by telephone.  (*See* doc. # 25).

At the hearing held on June 11, 2007, Mr. Allen confirmed his address of record with the court and notified Defendants and the court of a new address where he receives mail. (*See* Courtroom Minutes (doc. # 27)).  Mr. Allen indicated that he had been at the new address for approximately one and a half months.  Mr. Allen had not previously notified the court or Defendants of his change of address.  Defendants raised Mr. Allen's failure to provide initial disclosures, failure to respond to discovery requests, and failure to provide deposition dates.  Mr. Allen represented that he had not received Defendants' discovery requests or telephone calls.  The court set a further hearing on June 14, 2007 at 2:30 p.m. (*See* doc. # 27).

At the hearing held on June 14, 2007, Mr. Allen acknowledged that he had received Defendants' initial disclosures and the discovery requests served by Defendants.  Mr. Allen conceded that he had not yet served his initial disclosures.  Mr. Allen conceded that the deadline for amendment of pleadings had passed on March 27, 2007.  The court ordered Mr. Allen to provide his initial disclosures to Defendants via overnight mail on or before June 18, 2007 and to respond to all of Defendants' outstanding discovery requests via overnight mail on or before June 29, 2007.  (*See* Courtroom Minutes (doc. # 29)).  The court further ordered that Mr. Allen's deposition be completed before the last day of July. (*See id.*).

As of this date, Mr. Allen has not served his initial disclosures or responded to Defendants' outstanding discovery requests.  On July 2, 2007, Defendants filed their Joint Motion to Dismiss this action pursuant to Fed. R. Civ. P. 41(b) and for sanctions pursuant to Fed. R. Civ. P. 37.  Defendants further moved on July 24, 2007 for an extension of time to complete discovery.  (*See* doc. # 36).  On July 10, 2007, the court directed Mr. Allen to file his response to Defendants' Joint Motion to Dismiss on or before July 23, 2007.  (*See*

4

doc. # 34).  A copy of the Minute Order was mailed to Mr. Allen 2291 Elm Street, Denver, CO 80207, Mr. Allen's address of record with the court, and at 1449 South Degaulle, Aurora, CO 80018, the additional address provided by Mr. Allen on June 11, 2007.  (See docs. # 34 and # 40).  To date, Mr. Allen has not responded to Defendants' Joint Motion to Dismiss.

The court set a hearing on the pending motions on August 7, 2007 by Minute Order dated July 25, 2007 (doc. # 38).  The court directed Mr. Allen to appear in person at the hearing.  (See doc. # 38). A copy of the Minute Order was mailed to Mr. Allen at 2291 Elm Street, Denver, CO 80207 and 1449 South Degaulle, Aurora, CO 80018.  (See docs. # 38 and # 39).  The court's records indicate that Mr. Allen's copies of the Minute Order were not returned to the court as undeliverable.

The court held the hearing on August 7, 2007 at 10:45 a.m.  Counsel for Defendants appeared in person and/or via telephone.  Mr. Allen did not appear and has not contacted the court to explain his failure to appear.

II.    Standard of Review

The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing "to obey a scheduling or pretrial order," see Fed. R. Civ. P. 16(f), for failing to comply with court rules or any order of the court, see Fed. R. Civ. P. 41(b), and for failing "to obey an order to provide or permit discovery," see Fed. R. Civ. P. 37(b)(2)(C).

The Tenth Circuit has stated that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct" and that "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." EBI Securities Corp, Inc. v. Hamouth, 219 F.R.D. 642, 647 (D. Colo. 2004) (citing Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).  "In determining whether dismissal is a just sanction [under Fed. R. Civ. P.

37(b)(2)(C)], the Tenth Circuit stated district courts should ordinarily consider at least the following factors: (1) the culpability of the non-complying party; (2) the degree of actual prejudice to the party seeking discovery; (3) the amount of interference with the judicial process; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *EBI Securities Corp*, 219 F.R.D. at 647 (citing *Ehrenhaus*, 965 F.2d at 921). Involuntary dismissal pursuant to Rule 41(b) is also "determined by reference to the *Ehrenhaus* factors." *Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184, 1188 (10th Cir. 2002) (internal quotation marks and citation omitted). "Similarly, . . .dismissal as a sanction" under Rule 16(f) "should ordinarily be evaluated under the same factors." *Gripe*, 312 F.3d at 1188. "The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe*, 312 F.3d at 1188 (citation omitted).

III.    Analysis

A.    Dismissal as Sanction

The record demonstrates that Mr. Allen failed to participate in the preparation of the Scheduling Order, failed to appear at the August 7, 2007 motions hearing and the May 30, 2007 status conference, failed to provide or permit discovery, failed to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and Rules 16 and 26 of the Federal Rules of Civil Procedure, and failed to prosecute this civil action.

Mr. Allen's conduct has substantially prejudiced Defendants. Mr. Allen's dilatory conduct during the course of this lawsuit has caused  Defendants to incur substantial unnecessary expense, including attendance at several hearings in Denver, Colorado. As of this date, eight months after the filing of the Complaint, Mr. Allen has not taken any action to advance this case since the filing of the Complaint.

Mr. Allen has failed to appear for two court hearings and disregarded numerous court orders. The court has spent substantial judicial resources on setting, resetting, and monitoring this civil action. "As noted by the *Ehrenhaus* court, if a party 'could ignore court orders here without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos.' " *EBI Securities Corp*, 219 F.R.D. at 648 (citing *Ehrenhaus*, 965 F.2d at 921). Mr. Allen's conduct in this case has interfered with the judicial process.

The record demonstrates that no one other than Mr. Allen is culpable for his conduct in this civil action. This is not the first lawsuit that Mr. Allen has filed or the only lawsuit that Mr. Allen has filed against Defendant Experian. (*See, e.g.*, Civil Action Nos. 04-cv-01218-MSK-CBS, Allen v. Guarantee Bank and Trust Company et al., 04-cv-02055-MSK-OES, Allen et al. v. Dupree et al., 04-cv-02287-PSF-BNB, Allen et al. v. Interstate Sales & Service Auto Brokers et al, 04-cv-02639-REB-CBS, American Motor Freightways and Tyrone Allen v. Swisher-Wilbanks, LLC et al, 06-cv-01705-PSF-CBS, Allen v. New Point Lending et al., 07-cv-00214-PSF-CBS, Allen v. United Properties and Construction, Inc. et al., Denver County District Court Case No. 97 CV 7448). The record shows that Mr. Allen's non-compliance with the orders and rules of this court was not inadvertent but was the result of willful failure to comply. Mr. Allen was aware of his obligations to provide and respond to discovery. Mr. Allen has not complied with discovery requirements, has not requested an extension or demonstrated any need for an extension, or offered any acceptable explanation for his non-compliance.

Mr. Allen was fully warned of the possibility of dismissal for his non-compliance with court orders and rules. At the hearings held on June 11 and June 14, 2007, the court explained to Mr. Allen his many obligations as a litigant. At the hearing held on June 14, 2007 the court noted Defendants' remedies under Fed. R. Civ. P. 37. These warnings served as adequate notice of dismissal as a sanction.

There is no lesser sanction available under the circumstances.  It would be pointless to impose any lesser sanction on Mr. Allen, who has already demonstrated willful bad faith in repeatedly failing to comply with the court's rules and orders.

In sum, dismissal with prejudice is an appropriate sanction pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2)(C), and Fed. R. Civ. P. 41(b) for Mr. Allen's failure to appear at court hearings, failure to provide or permit discovery, failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.

B.      Costs and Attorney Fees as Sanction

Defendants Trans Union and Experian further move for sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A) in the form of fees and costs related to travel to and attendance at the June 14, 2007 hearing.  As Defendants did not file a motion to compel, the court finds Defendant are not entitled to relief under Fed. R. Civ. P. 37(a)(4)(A).  Nevertheless, "[i]n lieu of . . . or in addition" to any order under Fed. R. Civ. P. 37(b)(2)(C), "the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

Mr. Allen failed to comply with the court's specific orders to provide or permit discovery.  (*See* docs. # 18 and # 29).  There is no basis in the record for determining that Mr. Allen's failure was "substantially justified" or that "other circumstances make an award of expenses unjust."  Defendants Trans Union and Experian are entitled to their attorney fees and costs related to the June 14, 2007 hearing.

8

Accordingly, IT IS RECOMMENDED that:

1.      "Defendants' Joint Motion to Dismiss for Failure to Prosecute or to Comply with the Rule or Court Orders and Defendants' Joint Motion for Sanctions" (filed July 2, 2007) (doc. # 31) be GRANTED;

2.      This civil action be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 37(b)(2)(C), and Fed. R. Civ. P. 16(f).

3.      Upon submission by Defendants Trans Union and Experian of bills of costs pursuant to 28 U.S.C. § 1920 and affidavits pursuant to D.C. COLO. LCivR 54.3, an appropriate order be entered for attorney fees and costs related to the June 14, 2007 hearing.

4.      "Defendants' Joint Motion for an Extension of Time for Defendants to Complete Discovery" (filed July 24, 2007) (doc. # 36) be DENIED as moot.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 13th day of August, 2007.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge