IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-02591-PSF-CBS

TYRONE W. ALLEN,

    Plaintiff,

v.

EQUIFAX;
TRANSUNION CORPORATION; and
EXPERIAN,

    Defendants.

---

**ORDER ON: 1) DEFENDANT TRANS UNION'S MOTION FOR ATTORNEY'S FEES and 2) DEFENDANT EXPERIAN'S APPLICATION FOR COSTS AND FEES**

---

This matter comes before the Court on Defendant Trans Union LLC'S Motion for Attorney's Fees and Expenses (Dkt. # 46), filed September 18, 2007, and Defendant Experian's Application for Costs and Attorneys fees (Dkt. # 45), filed September 14, 2007.  Both documents were filed after this Court entered its Order on September 7, 2007, adopting the Recommendation of the Magistrate Judge and dismissing plaintiff's complaint with prejudice for failure to prosecute and failure to comply with the Local Rules.

The Magistrate Judge has recommended, and in its Order this Court allowed, an award to defendants of the attorneys' fees and costs incurred by them in connection with the June 14, 2007 hearing for the reason that plaintiff's response to defendants'

request for an order directing initial disclosures was not substantially justified. The pending applications now seek the award of an amount for such fees and costs.

Defendant Trans Union seeks an award of $2,622 in attorneys' fees based on the expenditure of 13.8 hours by its attorney at an hourly rate of $190, and $559.91 in travel related expenses. Defendant Experian seeks an award of $5,062 in attorneys' fees based on the expenditure of 13.5 hours by its attorney at an hourly rate of $375, and $353.55 in travel related expenses. Plaintiff has filed no objection to either motion.

For the following reasons, the requests for expenses are approved and the amounts requested set forth above are allowed. However, as to the amounts requested for attorneys' fees, they are allowed to each defendant for three hours of attorney time only. With respect to both applications, it is clear from the motions that the attorneys are seeking fees at their usual hourly rate for substantial time apparently spent riding on an airplane to and from Denver, and not for performing attorney work. In this Court's judgment, such travel time alone is not compensable at the hourly rates set forth above. The Court believes that three hours of attorney time is a reasonable amount of time to prepare for and attend the June 14, 2007 hearing. Such fees for three hours of attorney time will be allowed to each defendant.

Accordingly, Defendant Trans Union is awarded $570 in attorneys' fees and $559.91 in travel related expenses for a total award of $1,129.91 on its motion (Dkt # 46). Defendant Experian is awarded $1,125 in attorneys' fees and $353.55 in travel related expenses for a total award of $1,478.55 on its motion (Dkt # 45). The Clerk of

the Court is DIRECTED TO ENTER JUDGMENT for defendants in accordance with this Order.

DATED: October 15, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge